UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTERERS LOCAL 67 PENSION TRUST FUND, Trustees of;
CEMENT MASONS VACATION & HOLIDAY TRUST FUND -
DETROIT AND VICINITY, Trustees of; PLASTERERS
APPRENTICESHIP TRUST FUND, Trustees of;
MICHIGAN TROWEL TRADES HEALTH
AND WELFARE FUND, Trustees of; and
BRICKLAYERS AND TROWEL TRADES
INTERNATIONAL PENSION FUND, Trustees of,

      Plaintiffs,

v.

RUSSELL PLASTERING CO.,
a Michigan corporation,

      Defendant.
_____

WATKINS, PAWLICK,
CALATI & PRIFTI, PC
GEORGE H. KRUSZEWSKI (P25857)
HOPE L. CALATI (P54426)
Attorneys for Plaintiffs
1423 E. Twelve Mile Rd.
Madison Heights, MI 48071
(248) 658-0805
_____

## **COMPLAINT**

NOW COME Plaintiffs, by and through their attorneys, and for their Complaint against the defendant, say as follows:

1

1. Plaintiffs are the Trustees of the Plasterers Local 67 Pension Trust Fund, the Cement Masons Vacation & Holiday Trust Fund - Detroit and Vicinity, the Plasterers Apprenticeship Trust Fund, the Michigan Trowel Trades Health and Welfare Fund and the Bricklayers and Trowel Trades International Pension Fund (collectively, "Funds"), which were established through collective bargaining, are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter "LMRA"), 29 U.S.C. §186, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1001, *et seq.*, and maintain their principal offices in the City of Bingham Farms, County of Oakland, State of Michigan with the exception of the Bricklayers and Trowel Trades International Pension Fund ("International Fund"), which maintains its principal offices in Washington, D.C.

2. Defendant, Russell Plastering Co., is a Michigan corporation doing business in the building and construction industry, an industry affecting commerce within the meaning of 29 U.S.C. §142 and §185 and 29 U.S.C. §1002(5) and (12). Its principal place of business is in the City of Ferndale, County of Oakland, State of Michigan.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(a)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C.

§§1132(a)(3), 1132(g)(2) and §1145, respectively, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements ("Agreements") entered into by defendant, as an employer, and Local 514 (formerly Local 67) of the Operative Plasterers' and Cement Masons' International Association, AFL-CIO, an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. §142 and §185 and 29 U.S.C. §1002(12).

4. Venue of the United States District Court for the Eastern District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), the district in which Plasterers Local 67 Pension Trust Fund is administered.

5. Defendant also is and has been bound by the terms of the applicable trust agreements incorporated by reference in the Agreements.

6. Under the terms of the Agreements, and by its subsequent conduct, defendant was and is obligated to make contributions to the plaintiffs with respect to covered work performed by and wages paid to defendant's employees, and to submit its books and records to plaintiffs for periodic inspection and audit.

7. Defendant is obligated by the Agreements to pay fringe benefit contributions on the 15th day of the month following the month in which the work

was performed.

8. Defendant has failed to pay contributions for the work months of May 2019, June 2019 and July 2019.

9. An estimated $40,000.00 in contributions is due from defendant per month, based on a review of the contribution reports for the work months of March 2019 and April 2019, for a total estimated amount due of $120,000.00 for the work months of May 2019, June 2019 and July 2019.

10. The amount of the indebtedness of defendant for delinquent contributions and other amounts, including liquidated damages, interest, and other damages set forth in ERISA and Plaintiffs' plan documents, cannot be determined until defendant submits its complete books and records for inspection and audit for the period of April 2018 to the date of said audit.

11. Defendant has consistently and repeatedly failed to pay the amounts due to plaintiffs set forth above, and has failed to submit contribution reports and pay contributions in a timely manner.

12. Plaintiffs have repeatedly been required to file litigation against defendant to compel payment of fringe benefit funds and related damages. See Case Nos. 04-73545, 08-11292 and 15-cv-13353.

13. The failure of defendant to submit contribution reports and to pay

contributions in a timely manner has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds, in particular those participants and beneficiaries whose health care benefits are interrupted due to non-payment of and late payment of contributions.

14. The failure of defendant to submit contribution reports and to pay contributions in a timely manner has threatened and continues to threaten the financial integrity of the Funds.

15. The failure of defendant to submit contribution reports and to pay contributions in a timely manner constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining the activities of defendant.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against defendant containing the following provisions:

A. Adjudicating that defendant is bound to pay contributions to plaintiffs for the benefit of the Funds as alleged in this Complaint;

B. Ordering defendant to specifically perform in accordance with all of the fringe benefit provisions of the Agreements;

C. Awarding plaintiffs for the benefit of the Funds $120,000.00, representing the estimated unpaid contributions for the work months of May 2019,

June 2019 and July 2019;

  D. Requiring defendant to make available to an auditor appointed by plaintiffs all of books, records and accounts showing work performed by employees, hours worked by employees and any sums paid to plaintiffs and to employees covered by the Agreements for the period of April 2018, to the date of said audit, and to pay for the cost of auditing said books;

  E. Awarding plaintiffs all amounts such audit reveals as owed by defendant to Plaintiffs including delinquent contributions and liquidated damages;

  F. Awarding plaintiffs all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action pursuant to 29 U.S.C. § 1132(g)(2) and plaintiffs' plan documents;

  G. Issuing a mandatory permanent injunction ordering defendant to submit monthly reports and to make monthly contributions as required by the Agreements and the trust agreements incorporated by reference therein;

  H. Retaining jurisdiction of the case pending compliance with the Court's orders; and

  I. Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

Respectfully submitted,

WATKINS, PAWLICK,
CALATI & PRIFITI, PC

By: ___s/Hope L. Calati_____
    HOPE L. CALATI (P54426)
    Attorneys for Plaintiffs
    1423 E. Twelve Mile Rd.
    Madison Heights, MI 48071
    (248) 658-0805
Dated: August 30, 2019    hcalati@wpcplaw.com